IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOE TURMAN, | ) | CASE NO. 1:14 CV 943 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| LAKE COUNTY SHERIFF'S DEPARTMENT, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff *pro se* Joe Turman, formerly an inmate at the Lake County Jail, brings this 42 U.S.C. § 1983 action against Defendant Lake County Sheriff's Department.  He alleges in the Complaint that he was not provided treatment for a serious foot condition during his incarceration at the jail in 2012.  He further alleges the lack of treatment may have contributed to his falling down the stairs there, resulting in injury to his head, neck and back.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

As a threshold matter, the Lake County Jail is not an entity capable of being sued. *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Further, a government entity "cannot be held liable solely because it employs a tortfeasor - or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). *Monell* requires that "[t]o establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation[ ] visited pursuant to governmental "custom" even though such a

custom has not received formal approval through the body's official decisionmaking channels.' " *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir.2003)(quoting *Monell*, 436 U.S. at 690-91). Thus, even if the Complaint were liberally construed as seeking recovery from Lake County or its officials, Plaintiff does not set forth allegations indicating an unconstitutional policy or custom resulted in the violation of his constitutional rights.

Accordingly, this action is dismissed under section 1915A. The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: November 6, 2014                             *s/        James S. Gwin*
                                                                       JAMES S. GWIN
                                                                       UNITED STATES DISTRICT JUDGE